UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JENNIFER JOANNA NISIPEANU, an infant
under the age of 14 years by her father
and natural guardian, IONEL NISIPEANU
and IONEL NISIPEANU,

        Plaintiff(s),

-against-

TRUMP TAJ MAHAL, INC. d/b/a
TRUMP TAJ MAHAL CASINO RESORT,

        Defendant
------------------------------------------------------------X

Case #:

(S.I.)

**VERIFIED COMPLAINT**
CV 05 0175

PLAINTIFF DEMANDS
A TRIAL BY JURY

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 12 2005 ★
LONG ISLAND OFFICE

GERSHON, J.
POLLAK, M.

Plaintiffs, complaining of the defendant by their attorneys, DELL & LITTLE, LLP, alleges upon information and belief as follows:

### JURISDICTION AND VENUE

1. At all times hereinafter mentioned, plaintiffs were and still are residents of the State of New York and a citizen of the United States of America.

2. At all times hereinafter mentioned, defendant, **TRUMP TAJ MAHAL, INC. d/b/a TRUMP TAJ MAHAL CASINO RESORT** (hereinafter referred to as "**TRUMP TAJ MAHAL**"), was and still is a corporation, with its principal place of business in the State of New Jersey.

3. At all times hereinafter mentioned, defendant, **TRUMP TAJ MAHAL**, was and still is a domestic corporation with it's principal place of business in the State of New Jersey.

4. At all times hereinafter mentioned, defendant, **TRUMP TAJ MAHAL**, was doing business within the State of New Jersey.

5. At all times herein mentioned, defendant, **TRUMP TAJ MAHAL**, was actively conducting business in the State of New York.

6. At all times herein mentioned, defendant, **TRUMP TAJ MAHAL**, through its agents, servants, employees and/or assigns, owned, operated, managed, maintained, possessed, supervised and controlled real property known as **TRUMP TAJ MAHAL CASINO RESORT**, located at the Huron Avenue & Brigatine Boulevard, Atlantic City, New Jersey, where infant-plaintiff, **JENNIFER JOANNA NISIPEANU**, was caused to suffer severe and permanent injuries, thus providing jurisdiction over her defendant in the State of New York.

7. The amount in controversy in this matter exceeds the sum of **SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS** exclusive of interest and costs.

8. Jurisdiction is properly had over this matter pursuant to 28 U.S.C. 1332 since the parties are citizens of different states, and the amount in controversy exceeds the sum of **SEVENTY-FIVE ($75,000.00) DOLLARS**.

9. Venue is properly placed in the United States District Court for the Eastern District of New York since the plaintiffs reside within that district and that district is the most convenient for this action to be tried.

### AS AND FOR A FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF, JENNIFER JOANNA NISIPEANU

10. Plaintiff repeats, realleges, reiterates each and every paragraph numbered "1" through "9" inclusive, as though more fully set forth at length herein.

11. At all times herein mentioned, it was the duty of defendant, its agents, servants, employees and/or assigns to own, operate, maintain, supervise and control the aforementioned casino and hotel and its premises including the floor surfaces therein, in a reasonably safe

condition.

12. On or about January 13, 2003, at approximately 6:35 p.m., Infant-Plaintiff, **JENNIFER JOANNA NISIPEANU**, while lawfully upon the aforementioned premises of the defendant and while walking through the defendant's premises in a reasonably safe and prudent manner, was caused to be stuck by a syringe which was on the floor of the lobby, sustaining sever and permanent injuries.

13. As a result of the aforementioned incident, infant-plaintiff, **JENNIFER JOANNA NISIPEANU**, was caused to sustain severe and permanent injuries.

14. Solely as a result of the foregoing, infant-plaintiff, **JENNIFER JOANNA NISIPEANU**, has incurred hospital and medical expenses.

15. Said incident and the damages and injuries sustained by infant-plaintiff were caused solely by the negligence of the defendant, its employees, agents, servants and/or assigns and without any negligence on the part of the plaintiff contributing thereto.

16. The negligence of the defendant consisted of, inter alia, owning, operating, maintaining and/or controlled the aforesaid floors of the aforesaid real property in a dangerous and hazardous condition; in that the defendant, it's agents, servants and/or employees caused, allowed and permitted the floor to strewn with dangerous and hazardous debris; in that they failed to warn plaintiff, **JENNIFER JOANNA NISIPEANU**, of the dangerous and hazardous condition existing thereon; in that they failed to properly maintain, the flooring in the vicinity of infant-plaintiff, **JENNIFER JOANNA NISIPEANU**; in that they failed to alert infant-plaintiff and others of the dangerous and hazardous condition; in that they failed to properly supervise, train and manage the employees responsible for maintenance and management of the subject premises; in that they failed to maintain and provide a safe surface for plaintiff, **JENNIFER**

JOANNA NISIPEANU, to traverse upon.

17. By reason of the foregoing, plaintiff, JENNIFER JOANNA NISIPEANU, is entitled to recover from the defendant for all of the dangers that she has suffered and will continue to suffer.

18. The amount in controversy in this matter exceeds the sum of **SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS** exclusive of interest and costs.

19. Jurisdiction is properly had over this matter pursuant to 28 U.S.C. 1332 since the parties are citizens of different states, and the amount in controversy exceeds the sum of **SEVENTY-FIVE ($75,000.00) DOLLARS**.

### AS AND FOR A SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF, IONEL NISIPEANU

20. Plaintiff **IONEL NISIPEANU** repeats, reiterates and realleges each and every allegation contained herein as though same more fully set forth at length herein.

21. That at all times hereinafter mentioned, Plaintiff **IONEL NISIPEANU** was the father and natural guardian of the Infant-Plaintiff **JENNIFER JOANNA NISPIEANU** and as such was entitled to the services, society, companionship, and support of his daughter **JENNIFER JOANNA NISPIEANU**.

22. That by reason of the foregoing, Plaintiff **IONEL NISIPEANU** was deprived of the services, society, companionship, and support of the Infant-Plaintiff **JENNIFER JOANNA NISPIEANU** and shall forever be deprived of said services, society, companionship, and support.

23. The amount in controversy in this matter exceeds the sum of **SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS** exclusive of interest and costs.

WHEREFORE, plaintiffs pray for judgment against the defendants on behalf of the First and Second Causes of Action for all of the damages which they have suffered by reason of the negligence of the defendants and the damages which they will continue to suffer all togther with the costs and disbursements of this action.

Dated: Garden City, New York
       January 11, 2005

                                        Yours, etc.

                                        DELL & LITTLE, LLP
                                        Attorneys for Plaintiffs
                                        350 Old Country Road
                                        Suite 105
                                        Garden City, NY 11530
                                        (516)294-5814

                                        BY: _____
                                            JOSEPH G. DELL, ESQ. (7315)

## ATTORNEY'S VERIFICATION

**JOSEPH DELL**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at DELL & LITTLE, LLP, attorneys of record for Plaintiff(s),

**JENNIFER JOANNA NISIPEANU & IONEL NISIPEANU**. I have read the annexed

## COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff(s) is that Plaintiff(s) is/are not presently in the county wherein the attorneys for the plaintiff(s) maintain their offices.

DATED: Garden City, NY
January 11, 2005

_____
**JOSEPH DELL**

5